**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 14, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: January 14, 2008**

**Arthur I. Harris**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-12597 |
| | ) | |
| LUE D. RUSSELL, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | |
| WALDEMAR J. WOJCIK, | ) | Adversary Proceeding No. 07-1295 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| LUE D. RUSSELL, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

Before the Court is the motion for summary judgment filed by the plaintiff-trustee, Waldemar J. Wojcik, and the objection by defendant Diane Grezlik. The trustee's complaint seeks: (1) a determination of ownership in and to the real property located at 920 Northeast River Road, Lake Milton, Ohio;

---

[1] This memorandum of opinion is not intended for official publication.

and (2) an order approving the sale of the real property free and clear of all liens, claims and interests therein, and transferring all such valid liens, claims and interests to the proceeds of the sale. For the reasons that follow, the trustee's motion for summary judgment is granted in part.

## JURISDICTION

The plaintiff's claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS

The following facts are undisputed. In May of 1997, the defendant Diane Grezlik (Diane), also known as Diane Russell, inherited a partial interest in the real property located at 920 Northeast River Road. After buying out the other co-owners, Diane obtained full title to the property. On October 21, 1999, Diane transferred title to the property to herself and the debtor, Lue D. Russell (Lue). On December 10, 2004, Eder & Associates Co., LPA obtained a judgment in the Cleveland Municipal Court against both Diane and Lue in the amount of $1,320.95 with 4% interest from the date of judgment. On January 6, 2005, Eder & Associates filed the judgment with the Mahoning County Clerk of Courts and

2

obtained a judgment lien on the real property against the interests of both Diane and Lue.

On June 23, 2006, the debtor, Lue D. Russell, filed a petition under Chapter 7 of the Bankruptcy Code. On July 27, 2007, the Chapter 7 trustee, Waldemar J. Wojcik, initiated the above-captioned adversary proceeding against defendants Lue D. Russell, Diane Grezlik, Eder & Associates Co., LPA, and the Mahoning County Treasurer seeking: (1) a determination of ownership in and to the real property located at 920 Northeast River Road, Lake Milton, Ohio; and (2) an order approving the sale of the real property free and clear of all liens, claims and interests therein, and transferring all such valid liens, claims and interests to the proceeds of the sale. On August 24, 2007, Eder & Associates filed an answer asserting an interest in the real property by way of a judgment lien. Attached to the answer was a file-stamped copy of the judgment lien based upon a judgment entered by the Cleveland Municipal Court on December 10, 2004. On September 5, 2007, Diane filed an answer asserting complete ownership of the real property and denying any interest in the property by Lue or the trustee of his bankruptcy estate. Diane argued that Lue should have no interest in the property due to the actions of the attorney handling her mother's estate. She further argued that he should have no interest because she alone paid the acquisition cost, real

3

estate taxes, and other ownership expenses for the property. Diane's answer also "agree[d] that James R. Eder has a self-serving interest in the parcel of land." On September 18, 2007, Diane filed a letter to support her answer. On September 19, 2007, the Mahoning County Treasurer filed an answer asserting an interest in the property for unpaid real estate taxes, assessments, penalties, charges, and interest in an amount unascertainable at the time. The Court entered default judgment against Lue on October 9, 2007.

On November 16, 2007, the trustee filed a copy of the transcript of the deposition of Diane. During the deposition, Diane admitted to voluntarily transferring a one-half interest in the real property located at 920 Northeast River Road to Lue. However, Diane continued to assert that Lue has no interest in the property. Diane's argument that Lue has no interest in the property stems from her dissatisfaction with the attorney representing the administration of her mother's estate, and her belief that her mother wanted to transfer full title to the property solely to Diane upon her death. Diane argued that had the attorney "done her job" Lue would never have had an interest in the property. However, Diane admitted to first acquiring complete ownership of the property after her mother's death and *then* transferring a half-interest to Lue. During the deposition Diane also objected to the claim of Eder & Associates by arguing that the lien was for payment of a bill

4

which only Lue should be responsible. However, Diane has presented no evidence on the record challenging the validity of the judgment lien entered against *both* Diane and Lue.

On November 16, 2007, the trustee filed a motion for summary judgment which was accompanied by an affidavit by the trustee. On December 17, 2007, Diane filed an objection. Her objection was accompanied by four exhibits: (1) Exhibit A, a letter from attorney Patricia J. Schraff to attorney Thomas B. Wilburn, dated February 3, 1998; (2) Exhibit B, a letter from attorney Patricia J. Schraff to Diane and Richard Grezlik, dated January 30, 1998; (3) a letter from attorney Patricia J. Schraff to attorney James R. Eder, dated June 22, 1998; and (4) a copy of a Mahoning County real estate tax bill sent to Diane and Lue Russell. On December 20, 2007, the trustee filed a supplemental memorandum in support of his motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

5

a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d

654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). "[S]ummary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56.

## DISCUSSION

*Determination of the Validity, Priority, and Amounts of Liens*

The trustee's complaint seeks a determination of ownership in and to the real property located at 920 Northeast River Road, Lake Milton, Ohio. The default judgment entered on October 9, 2007, determines that defendant Lue D. Russell has no interest in the real property. The pleadings and the affidavit of the trustee establish that the Mahoning County Treasurer has the first and best lien on the real property for unpaid real estate taxes, assessments, penalties, charges, and interest in an amount to be later determined. Therefore, the only disputed interests are that of the trustee, Diane, and Eder & Associates.

Diane asserts a 100 percent ownership interest in the real property, and denies that Lue Russell has any interest in the property. Diane argues that Lue and the trustee of Lue's bankruptcy estate should have no interest in the property due to actions of the attorney administering her mother's estate. Diane also argues that

7

Lue should have no interest in the property because she paid the acquisition cost, real estate taxes, and other ownership expenses for the property without any contribution from Lue. In support of her position, Diane attached four exhibits to her objection to the trustee's motion for summary judgment. Although the exhibits are not properly before the Court on this motion for summary judgment, *see* Fed. R. Civ. Pro. 56(c) (evidence to be properly considered by the Court on a motion for summary judgment includes "pleadings, depositions, answers to interrogatories, . . . admissions . . . [and] affidavits"), even considering all the evidence, including these exhibits, in the light most favorable to the nonmoving party, the Court concludes there is no genuine issue as to any material fact regarding ownership of the property. The evidence before the Court on the ownership issue, including admissions by the defendant in her deposition, establishes that Diane voluntarily transferred a one-half interest in the real property located at 920 Northeast River Road, Lake Milton, Ohio, *after* first receiving full ownership of the property. Any alleged wrongdoing by the attorney handling the administration of Diane's mother's estate as well as any issue regarding Diane's payment of the ownership costs for the property after the transfer to Lue are irrelevant to the ownership issue. Therefore, the Court determines that Diane and Lue each held a one-half interest in the real property on the date of the petition, and pursuant to 11 U.S.C. § 541(a)(1),

8

Lue's one-half interest is property of the estate.

Although the Court determines that summary judgment is appropriate on the issue of Diane and Lue's ownership interests in the property, genuine issues still exist regarding a possible lien held by Diane against Lue's half interest in the real property. "The general rule is that a 'tenant in common is not entitled to compensation for services rendered in the care and management of the common property, in the absence of an agreement for compensation.'" *Whirrett v. Mott*, 601 N.E.2d 525, 527 (Ohio Ct. App. 1991). However, "[a] part owner who pays the tax on the whole tract of which he is part owner shall have a lien on the shares or parts of the other part owner for the tax paid on their share or parts." Ohio Rev. Code § 323.48. Although Diane's argument that Lue should have no interest in the property because she alone paid the acquisition costs, real estate taxes, and other ownership expenses does not create an issue regarding the ownership interests of Diane and Lue in the property, a genuine issue of material fact does exist regarding whether Diane has a lien on Lue's half interest in the property for her payment of real estate taxes on Lue's half interest. The validity and extent of such a lien cannot be determined from the evidence currently before the Court. Accordingly, summary judgment is not appropriate on this issue, and the existence and amount of this lien will be the subject of further proceedings.

9

On December 10, 2004, the Cleveland Municipal Court entered a judgment in favor of Eder & Associates Co., LPA, and against Diane and Lue in the amount of $1,320.95 with 4% interest from the date of judgment.  Eder & Associates asserts an interest in the real property through the recording of a judgment lien based upon the December 10, 2004, judgment.  Although Diane's answer "agree[d] that James R. Eder has a self-serving interest in the parcel of land," in her deposition she objected to the claim of Eder & Associates by arguing that the lien was for payment of a bill for which only Lue should be responsible.  Diane also asserted that an amended judgment was to be filed with the Cleveland Municipal Court.  Eder & Associates provided the Court with a file-stamped copy of the judgment lien entered against both Diane and Lue.  Nothing properly before the Court under Rule 56(c) indicates the judgment is valid only against Lue.  Even if the Court were to consider the exhibits provided by Diane and the letter she wrote supporting her answer to the complaint, they too do not create a genuine issue as to the validity of the judgment lien.  Therefore, the Court concludes that Eder & Associates has a valid judgment lien against the interests of Diane and Lue in the real property located at 920 Northeast River Road, Lake Milton, Ohio, in the amount of $1,320.95 with 4% interest from December 10, 2004.

Accordingly, the Court determines that the parties have interests in the

property as follows:

1. The Mahoning County Treasurer holds a valid first lien against the entire real property for unpaid real estate taxes, assessments, penalties, charges, and interest in an amount to be later determined.

2. Eder & Associates Co., LPA holds a valid judgment lien against the entire real property in the amount of $1,320.95 with 4% interest from December 10, 2004.

3. Diane Grezlik holds a one-half interest in the real property, subject to the claims of the Mahoning County Treasurer and Eder & Associates Co., LPA.

4. Waldemar J. Wojcik, as trustee for the bankruptcy estate, holds a one-half interest in the real property, representing the half interest held by the debtor, Lue D. Russell, subject to the claims of the Mahoning County Treasurer and Eder & Associates Co., LPA.

5. Diane Grezlik may hold a statutory lien on the interest of Waldemar J. Wojcik, as trustee for the bankruptcy estate, for her payment of real estate taxes on Lue Russell's one-half interest. The existence and amount of this lien will be the subject of further proceedings.

11

*Authorization to Sell the Real Property*
*Free and Clear of All Liens, Claims and Interests*

The trustee also seeks an order approving the sale of the real property located at 920 Northeast River Road, Lake Milton, Ohio, free and clear of all liens, claims and interests therein, and transferring all such valid liens, claims and interests to the proceeds of the sale.

Section 363(h) of the Bankruptcy Code provides that:

the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, and undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if —

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The trustee has the burden of establishing all four elements required under § 363(h). *See Kovacs v. Sargent (In re Sargent)*, 337 B.R. 661, 666 (Bankr. N.D. Ohio 2006).

In her answer, co-owner Diane Grezlik admits that partition in kind of the

12

real property is impracticable. She also admits that the real property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. In the affidavit accompanying the motion for summary judgment the trustee states that sale of the bankruptcy estate's undivided interest in the property would realize significantly less for the estate than the sale of the property free and clear of the interests of the co-owner, and the benefit to the estate of a sale of the property free of the interest of co-owner outweighs the detriment to the co-owner. The defendant has presented no evidence to contradict these assertions. Therefore, viewing the evidence in the light most favorable to the nonmoving party, the Court concludes that there are no genuine issues of material fact and the trustee is entitled to judgment as a matter of law.

Accordingly, the trustee is authorized to sell the real property located at 920 Northeast River Road, Lake Milton, Ohio, free and clear of all the defendants' interests, with such interests transferring to the sale proceeds. The Court cautions, however, that any such sale is subject to Diane Grezlik's right before the consummation of a sale of the real property, to purchase such property at the price at which such sale is to be consummated, pursuant to 11 U.S.C. § 363(i).

CONCLUSION

For the reasons stated above, partial judgment is entered as follows:

1. The Mahoning County Treasurer holds a valid first lien against the entire real property for unpaid real estate taxes, assessments, penalties, charges, and interest in an amount to be later determined.

2. Eder & Associates Co., LPA holds a valid judgment lien against the entire real property in the amount of $1,320.95 with 4% interest from December 10, 2004.

3. Diane Grezlik holds a one-half interest in the real property, subject to the claims of the Mahoning County Treasurer and Eder & Associates Co., LPA.

4. Waldemar J. Wojcik, as trustee for the bankruptcy estate, holds a one-half interest in the real property, representing the half interest held by the debtor, Lue D. Russell, subject to the claims of the Mahoning County Treasurer and Eder & Associates Co., LPA.

5. Diane Grezlik may hold a statutory lien on the interest of Waldemar J. Wojcik, as trustee for the bankruptcy estate, for her payment of real estate taxes on Lue Russell's one-half interest. The existence and amount of this lien will be the subject of further proceedings.

6. The trustee, Waldemar J. Wojcik, is authorized to sell the property free

and clear of the above-mentioned interests with such interests transferring to the sale proceeds.

7. Before the consummation of a sale of the real property, Diane Grezlik may purchase such real property at the price at which such sale is to be consummated, pursuant to 11 U.S.C. § 363(i).

IT IS SO ORDERED.